UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. FERRON,

      Plaintiff,                             Case No. 2:06-cv-327
                                                 JUDGE GREGORY L. FROST
      v.                                        Magistrate Judge Mark R. Abel

SEARCH CACTUS, L.L.C, *et al.*,

      Defendants.

## OPINION AND ORDER

This diversity action is before the Court for consideration of a motion to dismiss counterclaim (Doc. # 153) filed by Plaintiff John W. Ferron ("Plaintiff"), a memorandum in opposition (Doc. # 168) filed by Defendant Search Cactus LLC ("Defendant"), and a reply. (Doc. # 179.)  For the reasons that follow, the Court denies the motion.[1]

### A. Background

Plaintiff is an Ohio attorney and user of various e-mail accounts.  He has allegedly received a multitude of e-mails from Defendant, a Michigan-based limited liability company. Defendant used the e-mails to make offers for unspecified free products and provide notifications of prizes that Plaintiff could claim.  Plaintiff argues that the e-mail messages violated the Ohio Consumer Sales Practices Act ("OCSPA"), specifically Ohio Rev. Code § 1345.02(A), in a variety of ways.

---

[1] The basis for federal jurisdiction over Plaintiff's claims is diversity of citizenship. 28 U.S.C. § 1332.   Generally, state law supplies the rules of decision in federal diversity cases. 28 U.S.C. § 1652; *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78; *O-So Detroit, Inc. v. Home Ins. Co.*, 973 F.2d 498, 501 n.3 (6th Cir. 1992).

On January, 18, 2007, Defendant filed a counterclaim (Doc. # 131) against Plaintiff seeking declaratory judgment on four counts: (1) that a settlement agreement with Plaintiff from a prior lawsuit bars future lawsuits by Plaintiff against Defendant; (2) that Plaintiff is not a consumer for purposes of the OCSPA; (3) that the doctrine of *res judicata* bars recovery for damages; and (4) that Plaintiff's actions are fraudulent because Plaintiff caused e-mails to be sent to him for the purpose of increasing his damages.

Plaintiff posits that the Court should dismiss the counterclaim because at the time Defendant filed it, Defendant was not registered with the state of Ohio as a foreign limited liability company, in violation of Ohio Revised Code § 1705.58(A).  (Doc. # 153.)  Defendant has since registered with the Ohio Secretary of State as a foreign limited liability company. (Doc. # 168.)  The parties have completed briefing on the motion, and the motion is now ripe for disposition.

### B. Discussion

**1. Standard of Review**

Under Fed. R. Civ. P. 12(b)(6), the Court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in favor of the pleader, and views the pleading in the light most favorable to the non-moving party.  *See e.g., Tornichio v. United States*, 263 F. Supp. 2d 1090, 1094 (N.D. Ohio 2002).  Dismissal is warranted only if it appears beyond a reasonable doubt that the pleader can prove no set of facts in support of the claim that would entitle him to relief.  *See, e.g., Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  Therefore, the focus is not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)).  A court need not, however, accept as true "legal conclusions or unwarranted factual inferences." *Perry v. American Tobacco Co., Inc*., 324 F.3d 845, 848 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th. Cir. 1987)).

**2. Analysis**

O.R.C. § 1705.58(A) provides: "A foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has registered in this state in accordance with sections 1705.53 to 1705.58 of the Revised Code."

It is undisputed that at the time Defendant filed its counterclaim it was not registered with the State of Ohio as a foreign limited liability company.  It is also undisputed that Defendant has subsequently registered with the state as a foreign limited liability company.

There is no case law directly on point regarding actions or proceedings maintained by unregistered foreign limited liability companies in the State of Ohio.  There is, however, applicable precedent regarding actions maintained by unlicensed foreign corporations.  O.R.C. § 1703.29(A)–a statute very similar to the one governing unregistered foreign limited liability companies–states in pertinent part that no unlicensed foreign corporations "shall maintain any action in any court until it has obtained" a proper state license.

The meaning of O.R.C. § 1703.29(A) as it pertains to cross-claims was clarified by an Ohio appellate court.  *P.K. Springfield, Inc. v. Hogan*, 621 N.E.2d 1253 (Ohio Ct. App. 1993).  The court in *Hogan* first found that the word "action" in the statute encompasses cross-claims.

3

*Id.* at 1257. The court then found that the word "maintain" in the statute may mean either the beginning or continuation of an action. *Id.* at 1258. The court noted that the statute does not provide an exception for corporations that acquire licenses after commencing action but before judgment. *Id.* It concluded that the "failure of a corporation to procure the required license prior to maintaining an action violates R.C. 1703.29(A) and may be a sufficient basis for a judicial remedy for that violation, regardless of whether the corporation obtains a license prior to final judgment." *Id.*; *see also Quality Int'l Enter., Inc. v. IFCO Sys. N. Am. Inc.*, No. 23131, 2006 Ohio App. LEXIS 5822, at *6-7 (Ohio Ct. App. Nov. 8, 2006).

This Court, however, is not convinced that it should dismiss Defendant's counterclaim. First, the *Hogan* court's interpretation of the word "maintain" makes O.R.C. §§ 1703.29(A) and 1705.58(A) unnecessarily strict. "Maintain" simply means "[t]o continue (something)." *Blacks Law Dictionary* 333 (8th ed. 2004). By that definition, this Court could, and does, read §§ 1703.29(A) and 1705.58(A) as meaning that an unlicensed foreign corporation or unregistered foreign limited liability company cannot *continue* an action until they are properly licensed or registered. There is nothing in the statutes to suggest that an unlicensed foreign corporation or unregistered foreign limited liability company, after *initiating* an action, cannot correct their mistake and continue with the litigation. Such was precisely the situation in the present case.

Second, this Court notes a recent decision in this district and division that also deals with an unlicensed corporation. *Auto Driveaway Co. v. Auto Logistics of Columbus*, 188 F.R.D. 262 (S.D. Ohio 1999). The court in *Auto Driveaway* held that the plaintiff in that case, an unlicensed foreign corporation, could not maintain a cause of action in Ohio pursuant to O.R.C. § 1703.29(A). *Id.* at 265. But it did not dismiss the case. Rather, it concluded, "the Court

4

assumes Plaintiff will eventually get its day in court, and dismissing the case now would merely prolong and add considerable costs to this litigation." *Id.* The court, "[i]n the interest of judicial economy," stayed the action until the plaintiff complied with the licensing requirement. *Id.*

If the court in *Auto Driveaway* chose not to dismiss the case based on the *assumption* that a party would comply with state law, then surely it follows that this Court should not dismiss the present case because Defendant *has already complied* with the state's registration requirement for foreign limited liability companies. The very basis of Plaintiff's motion to dismiss, in other words, is moot. Were this Court to dismiss Defendant's counterclaim, Defendant could re-file the counterclaim as a properly registered foreign limited liability company.

Therefore, based on the plain meaning of O.R.C. § 1705.58(A) and in the interest of judicial economy, the Court will not dismiss Defendant's counterclaim.

### C. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to dismiss. (Doc. # 153.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE