UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. FERRON,

      Plaintiff,                                          Case No. 2:06-cv-327
                                                              JUDGE GREGORY L. FROST
     v.                                                       Magistrate Judge Mark R. Abel

SEARCH CACTUS, L.L.C., et al.,

      Defendants.

## OPINION AND ORDER

On June 10, 2008, this Court granted Plaintiff's motion to dismiss this action without prejudice (Doc. # 263) and entered judgment (Doc. # 264). At that time, Defendant Media Breakaway's motion for sanctions pursuant to Fed. R. Civ. P. 37 and the inherent power of this Court was still pending. (Doc. # 259.) In that motion, Defendant requests sanctions against Plaintiff for his failure to comply with a discovery order of this Court. Defendant's motion is not well taken.

First, although this Court is divested of jurisdiction over the substantive matters in this action, the United States Court of Appeals for the Sixth Circuit has consistently held that a trial court retains the ability to decide collateral matters such as sanctions, attorneys' fees, and costs. *See Phelan v. Bell*, 8 F.3d 369, 372 (6th Cir. 1993) ("Motions for attorney's fees are collateral to the merits of an action and may be considered even after an action is terminated "); *Val-Land Farms, Inc. v. Third Nat'l Bank in Knoxville*, 937 F.2d 1110, 1117 (6th Cir. 1991) ("Our circuit has held that a district court retains jurisdiction to entertain a motion for Rule 11 sanctions even after the filing of a notice of appeal."); *Kallok v. Boardman Local Sch. Dist. Bd. of Educ.*, 24 F.

App'x 496, 498 (6th Cir. 2001) ("The district court retains jurisdiction to resolve collateral matters such as the imposition of sanctions . . . ."); *AAA Venetian Blind Sales, Inc., v. Beaulieu of America, Inc.*, Nos. 96-1108, 96-1844, 1997 U.S. App. LEXIS 22461, at *13 (6th Cir. Aug. 19, 1997) ("Attorney fees are always collateral to the main cause of action" permitting district court to consider motion for attorney fees after final judgment); *Harris v. Columbus Bd. of Educ.*, No. 93-3825, 1994 U.S. App. LEXIS 10450, at *6 (6th Cir. May 9, 1994) (the sanction ordered under Rule 37 "is no more barred than if the award had been made under Fed. R. Civ. P. 11.").

Second, to the extent that Defendant requests that adverse inferences be made or that certain facts be considered proven, that request is moot in light of the dismissal. Likewise moot are any requests that the Court order Plaintiff to comply with the discovery order.

Third, as this Court recently opined in response to Defendant's request for attorney fees:

> Here, there is no indication that Plaintiff's suit was not a bona fide effort to seek redress for the alleged wrongs he perceived he suffered. *See Blackburn v. City of Columbus, Ohio*, 60 F.R.D. 197, 198 (S.D. Ohio 1973) (holding that because plaintiff acted in good faith, attorneys' fees would not be awarded). There is nothing in the record to indicate that Plaintiff brought his action to harass, embarrass, or abuse any Defendant. Nor is there evidence to suggest that Plaintiff deliberately sought to increase Defendants' costs by extending the litigation.

(Doc. # 263 at 6.)

Fourth, the imposition of sanctions, or the type of sanctions imposed, is discretionary with this Court and are to be based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). *See also* Fed. R. Civ. P. 37(b) (a court may make such orders "as are just" when a party fails to obey an order to provide discovery). Here, considering all the facts and circumstances unique to this action, the Court is not inclined to

exercise its discretion to award attorney fees to Defendants.

Accordingly, the Court **DENIES** Defendant Media Breakaway's motion for sanctions. (Doc. # 259.)

**IT IS SO ORDERED.**

                                              **/s/ Gregory L. Frost**
                                              **GREGORY L. FROST**
                                              **UNITED STATES DISTRICT JUDGE**